NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3136

PETER J. LIZZIO,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.


Lawrence A. Berger, Mahon & Berger, of Glen Cove, New York, for petitioner.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

2009-3136

PETER J. LIZZIO,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752060546-M-1.

_____

DECIDED:  May 6, 2010

_____

Before MAYER, SCHALL, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Peter J. Lizzio ("Lizzio") petitions for review of a decision of the Merit Systems Protection Board ("Board"), dismissing his appeal for lack of jurisdiction.  The Board found that Lizzio failed to prove that he did not engage in misconduct in violation of the Last Chance Agreement ("LCA").  <u>See</u> <u>Lizzio v. Dep't of Army</u>, 110 M.S.P.R. 442, 449-50 (2009) ("<u>Remand Determination</u>").  We <u>affirm</u>.

BACKGROUND

Lizzio worked as a Special Agent within the U.S. Army Criminal Investigation Command ("CID"), Major Procurement Fraud Unit ("MPFU").  The Department of the

Army ("the Army") decided to remove him from his position as a criminal investigator in October of 2005 for insubordination and conduct unbecoming of a federal employee. Lizzio and the Army entered into an LCA, which provided that the Army would hold in abeyance for one year its decision to remove him from employment. The Army agreed that if Lizzio complied with the terms of the LCA, the removal would be cancelled. Lizzio's obligations under the LCA included an agreement to "[a]void any misconduct." The LCA also included a waiver of Board appeal rights if Lizzio were removed for breach of the agreement.

In April 2006, the CID Standards of Conduct Office ("SOCO") initiated an investigation into allegations of misconduct by Lizzio. The investigation arose after the security manager at a General Electric ("GE") facility complained that Lizzio had acted in an unprofessional manner when he came to the facility to interview a witness in a procurement investigation on April 10, 2006. According to eyewitnesses, Lizzio was apparently "insistent," "agitated," and "rude" when he was delayed entry at the security gate. Remand Determination, 110 M.S.P.R. at 448. The SOCO inquiry concluded that Lizzio had violated Army and CID regulations by "fail[ing] to maintain the highest standards of personal conduct and professionalism to avoid embarrassment to the Army and the government," in violation of Army Regulation ("AR") 195-3 and CID regulation ("CIDR") 195-1. AR 195-3 provides in pertinent part:

> a. The nature of the CID Program necessitates that all individuals assigned to the program, regardless of their status, maintain the highest standards of personal conduct and professionalism to—
> (1) Preclude the possibility of compromising criminal investigations.
> (2) Prevent criticism that assails the credibility of the CID Program.
> (3) Avoid embarrassment to the Army and the Government.

CIDR 195-1 permits CID to remove "any agent who is considered substandard in performance or conduct, deficient in character, or otherwise unsuited for the USACIDC program." On June 2, 2006, Lizzio was issued a "Notice of Intention to Invoke Last Chance Agreement," which stated the following:

> On 9 May 2006 I received a report of an investigation from the Standards of Conduct Office (SOCO), U.S. Army Criminal Investigation Command, conducted as a result of allegations made against you for failing to maintain the standards of personal conduct and professionalism as directed by AR 195-3 and CIDR 195-1 and a possible violation of the Joint Ethics Regulation and CIDR 195-1. The SOCO conclusion was that you engaged in misconduct by failing to maintain the standards of personal conduct and professionalism required by AR 195-3 and CIDR 195-1. I have reviewed the investigation and the supporting documentation and have determined that you did engage in misconduct. As a result of that misconduct I also concluded that you failed to comply with paragraph 2a of the Last Chance Agreement you signed on 15 December 2005.

Pet'r's App. 66. Lizzio was removed effective June 8, 2006.

Lizzio filed a timely appeal. The administrative judge ("AJ") first noted that "[t]he Board is required to review an agency's decision on an adverse action solely on the grounds invoked by the agency." Lizzio v. Dep't of the Army, No. PH-0752-06-0546-I-1, slip op. at 7 (M.S.P.B. Oct. 18, 2006) ("Initial Determination"). She furthermore concluded that the Deciding Officer ("DO") "applied AR 195-3 . . . to the appellant's conduct," and that AR 195-3 was "the only standard of conduct relied upon by the agency to invoke the LCA." Id. at 8-9. The AJ noted that the record evidence "support[s] a finding that the appellant's conduct at GE on April 10, 2006 was rude and obnoxious." Id. at 12. However, she concluded that the evidence was insufficient to demonstrate that Lizzio's conduct resulted in embarrassment to the government, which she concluded was required to establish a violation of AR 195-3. Id. at 13-14. The AJ

2009-3136                                    3

thus reversed the removal decision and ordered the Army to provide interim relief. Id. at 14.

The Army appealed to the full Board, arguing that the Initial Determination was erroneous. The Board reversed, concluding that Lizzio failed to meet his burden of showing that he did not breach the LCA. Lizzio v. Dep't of Army, 105 M.S.P.R. 322, 331 (2007) ("Final Determination"). The Board concluded that it was free to rely on a different ground than the one invoked by the agency to determine whether or not Lizzio complied with the LCA. Id. The Board furthermore concluded that regardless of whether Lizzio violated AR 195-3, rude and discourteous behavior towards members of the public constituted "misconduct" within the meaning of the LCA. Id. Lizzio appealed, and we vacated and remanded, holding that the Board "erred when . . . it relied on a ground for breach of the last chance agreement . . . different from the ground found by the AJ to have been asserted by the agency in the notice of breach. . . . In so doing, the Board deprived Mr. Lizzio of due process." Lizzio v. Dep't of Army, 534 F.3d 1376, 1386 (Fed. Cir. 2008). We vacated the Final Determination and remanded, instructing the Board to address the arguments that the Army raised in its petition for review. Id. at 1387 n.8.

On remand, the Board concluded that the AJ erred in holding that the Army only relied on AR 195-3, because the Army specifically referenced both AR 195-3 and CIDR 195-1 in its notice to Lizzio that he was in breach of the LCA. Remand Determination, 110 M.S.P.R. at 447. The Board found that Lizzio had violated AR 195-3 because his behavior "was an embarrassment to his agency and the government," as indicated by the testimony of several government officials. See id. at 448-49. The Board also held

that Lizzio violated CIDR 195-1, as rude and discourteous behavior constituted "substandard" performance under the regulation. Id. at 449. The Board thus dismissed the appeal for lack of jurisdiction. Id. at 449-50. Lizzio timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm a decision of the Board unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law which we review de novo. Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008).

The Board lacks jurisdiction to adjudicate the merits of an appeal where the employee has waived the right to appeal in an LCA. See Buchanan v. Dep't of Energy, 247 F.3d 1333, 1338 (Fed. Cir. 2001). To overcome the waiver, and thereby confer jurisdiction over the merits, the employee must show: (1) the employee complied with the LCA; (2) the agency breached the LCA; or (3) the employee did not knowingly and voluntarily enter into the LCA. Id. On appeal Lizzio asserts only the first ground for establishing jurisdiction.

Lizzio argues that the Board incorrectly interpreted AR 195-3, and that "embarrassment to the Army and the Government" must be established via a proven nexus between the employee's misconduct and public obloquy or notoriety. The Army, while agreeing with the Board that Lizzio's conduct violated both AR 195-3 and CIDR 195-1, also believes that the Board erred in its interpretation of AR 195-3. The Army

asserts that causing actual embarrassment is not an element of a violation of AR 195-3, and proof of such embarrassment is not required to sustain the charge.

We agree that no proof of actual embarrassment is required to establish a violation of AR 195-3. The language of AR 195-3 broadly states that CID personnel are required to "maintain the highest standards of personal conduct and professionalism." The three clauses that follow this requirement provide amplification of the purpose behind the requirement of the maintenance of the highest standards of conduct. We conclude that proof that the employee's behavior creates the <u>potential</u> for embarrassment, criticism, or harm to an ongoing criminal investigation is all that is required in order to establish a violation of AR 195-3. The Army is not required to prove the existence of actual embarrassment to the agency or government, criticism that assails the credibility of the program, or harm to a criminal investigation.

Furthermore, the Board found that Lizzio engaged in "rude and obnoxious" behavior, <u>Remand Determination</u>, 110 M.S.P.R. at 449; this was sufficient to create the potential for embarrassment to the Army. Thus, the Board did not err in finding that Lizzio violated AR 195-3.

Lizzio also argues that the Board erred in considering CIDR 195-1, as that charge was not properly before the Board in its Remand Determination. He argues that the issue was not raised by the Army in its petition for review of the Initial Determination and thus was not within the scope of our remand order in <u>Lizzio v. Department of the Army</u>, 534 F.3d at 1386-87. However, we need not reach this issue because the finding as to a violation of AR 195-3 constitutes sufficient grounds to affirm the Board's

conclusion that Lizzio violated the LCA and the Board's subsequent dismissal of the appeal for lack of jurisdiction.

COSTS

No costs.